UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT SOTO,

                          Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                          Defendant.
_____

**DECISION
and
ORDER

19-CV-375F
(consent)**

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              ANTHONY JOHN ROONEY, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                     and
                              BLAKELY PRYOR, and
                              FRANCIS D. TANKARD
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              601 East 12th Street
                              Room 965
                              Kansas City, Missouri  64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On August 5, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on August 19, 2019 (Dkt. 8), and by Defendant on November 18, 2019 (Dkt. 12).

**BACKGROUND**

Plaintiff Dwight Soto  ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed on October 2, 2015 with the Social Security Administration ("SSA"), for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on April 1, 2015, based on depression, vertigo, a thumb that "does not bend based on a tragic accident," panic disorder, anxiety, and uncontrolled dizziness, falling, and vomiting.  AR[2] at 138, 152, 156.  Plaintiff's application initially was denied on January 27, 2016, AR at 63-76, and at Plaintiff's timely request, AR at 77-79, on March 15, 2018, a hearing was held in Buffalo, New York before administrative law judge Paul Georger ("the ALJ").  AR at 27-62 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Nicholas DiVirgilio, Esq., and vocational expert Sugi Komarov ("the VE").  Following the administrative hearing, the record was held open for Plaintiff

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on June 19, 2019 (Dkt. 6).

2

to submit additional evidence, which was timely received and admitted into evidence. AR at 407-21.

On May 9, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 7-26 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 133-35. On January 20, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-4, rendering the ALJ's Decision the Commissioner's final. On March 21, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On August 19, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Administrative Record (Dkt. 8-1) ("Plaintiff's Memorandum"). On November 18, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum"). Filed on December 9, 2019 was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the matter is REMANDED to the Commissioner for further proceedings consistent with this Decision and Order.

## **FACTS**[3]

Plaintiff Dwight Soto ("Plaintiff" or "Soto"), born November 26, 1985, was 29 years old as of April 1, 2005, his alleged disability onset date ("DOD"), and 32 years old as of May 9, 2018, the date of the ALJ's Decision.  AR at 22, 34, 138, 152.  As of the administrative hearing, Plaintiff lived by himself in an apartment.  AR at 34.  Plaintiff attended special classes in high school and graduated but has not completed any specialized job training, trade, or vocational school.  AR at 34-35, 157.  Plaintiff does not have a driver's license.  AR at 34.  Plaintiff's work history includes working in collections, in retail sales, customer service representative, stock clerk, and in shipping.  AR at 36-39, 57-58, 158.  It is undisputed that Plaintiff suffers from vertigo, meningitis attributed to Lyme disease, a history of a left hand laceration with surgical tendon repair, anxiety, and depression.

## **DISCUSSION**

**1.**     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.   Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4);

*Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity ("SGA") since October 2, 2015, his alleged DOD, AR at 12, and suffers from the severe impairments of vertigo, meningitis from Lyme disease, a lacerated left hand laceration with surgical tenon repair, anxiety, and depression, and the non-severe impairments of gastroesophageal reflux disease ("GERD"), hyperlipidemia (elevated cholesterol), and hypertension but that Plaintiff's alleged dizziness, falling, nausea, and vomiting are symptoms rather than individual medically determinable impairments, which symptoms, considered in combination with Plaintiff's severe and non-severe impairments, neither meet nor are medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 12-15.  The ALJ further found that despite his impairments, Plaintiff retains the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), but can only lift, carry, push and pull 25 lbs. frequently, and 50 lbs. occasionally, can handle items, finger, and feel frequently with his left hand, can understand, remember, and carryout simple, routine tasks, make simple work-related decisions, appropriately handle the stress associated with simple, routine tasks, and frequently respond appropriately to supervisors, co-workers, and the public.  AR at 15-20.  Plaintiff is unable to perform any PRW, AR at 20, yet given Plaintiff's RFC, age, high school education, work experience, and ability to

7

communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including representative occupations such as a hospital cleaner, industrial cleaner, and linen room attendant, all jobs identified by the VE in response to two of the ALJ's three hypotheticals posed at the administrative hearing. *Id.* at 20-22. *See* AR at 59-60 (VE testimony). Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 22.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ improperly failed to account for the Plaintiff's work limitations posed by his vertigo attributed to Plaintiff's Lyme disease, despite considering these conditions to be severe impairments. Plaintiff's Memorandum at 8-13. In opposition, Defendant argues the ALJ properly weighed the medical opinions of record, taking notice that much of Plaintiff's treatment for his vertigo occurred prior to Plaintiff's application for disability benefits. Defendant's Memorandum at 15-23. In reply, Plaintiff again argues the ALJ failed to account for Plaintiff's vertigo and Lyme disease in assessing Plaintiff's RFC. Plaintiff's Reply at 1-2. A plain review of the ALJ's Decision establishes the ALJ's determination of Plaintiff's RFC does not include any restrictions attributed to Plaintiff's vertigo and Lyme disease despite finding such impairments are severe.

In particular, on a Lyme Disease Medical Assessment Form completed on February 12, 2018 by Nurse Practitioner Cathleen Niedermayer ("NP Neidermayer"), of Evergreen Health Services where, since December 1, 2016, Plaintiff received treatment every three months for Lyme Disease. AR at 404-10. NP Niedermayer reported Plaintiff's Lyme Disease was accompanied by headaches, visual disturbances,

depression, vertigo, chronic fatigue, severe malaise, and enlarged lymph nodes.  AR at 402.  Nevertheless, the ALJ did not incorporate any of these restrictions into his RFC determination, despite discounting the weight accorded to the January 7, 2016 opinion of consultative physician Donna Miller, D.O. ("Dr. Miller"), who conducted an internal medicine evaluation of Plaintiff, listing Plaintiff's vertigo as his most serious condition, yet failed to attribute any work limitations to the impairment.  AR at 19 (citing AR at 278-82).[5]

      According to the relevant regulations, an ALJ's determination that a particular impairment is severe establishes such impairment pose a significant limitation to the claimant's ability to perform basic work activities.  20 C.F.R. 416.920(c).  As such, in assessing a claimant's RFC at step 4, an ALJ's failure to consider the impact of a severe impairment on the claimant's ability to engage in SGA is error requiring remand for further proceedings, including considering what work restrictions are imposed by the claimant's severe impairments.  *See Burgin v. Astrue*, 348 Fed.Appx. 646, 648 (2d Cir. 2009) (holding it was reversible error for ALJ to find the plaintiff had major impairments of both bipolar disorder and major depression, but only accounted for the bipolar disorder when determining the RFC).  Similarly, in the instant case, the ALJ erred when he found Plaintiff with the severe impairments of vertigo and Lyme Disease, yet failed to account for such impairments in the RFC determination, requiring the matter be

---

[5] The court notes that the third hypothetical the ALJ posed to the VE included restrictions pertaining to these impairments, including "occasional use of ramps and stairs; occasional use of ladders, ropes, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; . . . he'd be off task more than 20 percent of the time and absent more than two days per month," AR at 60, with the VE responding such an individual would not be able to perform any work.  *Id*.

9

remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is GRANTED; Defendant's Motion (Dkt. 12) is DENIED; the matter is REMANDED to the Commissioner for further proceedings consistent with this Decision and Order.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    September 28th, 2020
          Buffalo, New York